ROEBLING'S SONS CO. v. THE MERCHANTS' UNION BARB-WIRE COMPANY.

1. **Contracts :** DELAY IN ACCEPTING PROPOSITION : EVIDENCE. Plaintiff agreed to pay defendant a certain sum for a license to manufacture under a patent, and for a machine,—the evident intention being that the license and machine should be transferred at once ; but they never were transferred, nor were they ever tendered until more than a year after the agreement was made, and until after plaintiff had begun this suit against defendant on a promissory note, when defendant made tender and then set up a demand for the purchase price by way of counter-claim. *Held* that plaintiff was not then bound to accept the license and machine, and that the written tender, and the license itself, were properly rejected as immaterial when offered in evidence by defendant.

2. **The Same.** In such case, an officer of defendant was asked as a witness whether plaintiff ever exhibited any unwillingness to close up the contract. *Held* that the question was properly excluded as calling for the opinion of the witness, and not for facts.

*Appeal from Polk District Court.* — HON. MARCUS KAVANAGH, Judge.

FILED, JANUARY 30, 1889.

ACTION upon an account, and upon a promissory note. The defendant pleaded a counter-claim. The cause was tried to a jury, and upon direction of the court a verdict was returned, and judgment rendered thereon. Defendant appeals.

*Whiting S. Clark*, for appellant. ·

*C. C. & C. L. Nourse*, for appellee.

BECK, J.—I. The petition is in two counts. The first declares upon an account; the second, upon a promissory note for the same amount as the account. The plaintiff claims to recover on but one of the counts. The defendant denies the allegations of the first count, and alleges upon facts stated that the note was never delivered, and is therefore void. The defendant pleaded a counter-claim in the following language?

"For counter-claim in the above-entitled action, the defendant states that on or about the thirtieth day of December, 1886, said plaintiff bargained and agreed with defendant to pay said defendant the sum of two thousand dollars, as the purchase price of a certain license of the Washburn and Moen Manufacturing Company and J. L. Ellwood to the Vaughn Barb-Wire Company, for the manufacture and sale of barb fence-wire, and a certain barb-wire machine for the manufacture of said wire, for the transfer and delivery of the same to plaintiff. Said bargain is shown by letter copy Exhibit A, and telegram copies Exhibits B, C and D, annexed hereto, and made a part hereof. That thereupon the defendant offered plaintiff the transfer and delivery of said license and machine, and has ever been ready and willing to transfer and deliver the same to plaintiff, but the plaintiff has always refused to receive the same, and refuses to pay said two thousand dollars, no part of which has been paid; wherefore defendant asks judgment for two thousand dollars, and interest and costs."

Exhibit A to defendant's counter-claim :

"DES MOINES, Sept. 3, 1886.
"*Geo. C. Baily, 215 Lake St., Chicago, Ill.*

"DEAR SIR:—Yours first inst. just received, and I hardly comprehend what you mean when you want price for tonnage. Do you mean leaving the machine

VOL. 78—39

out? If you do, I could only make you a price on the Vaughn tonnage. That we will sell you for two thousand dollars, and give you the one machine to make the wire.                    Respectfully,

                    "J. F. Mason, Manager."

Exhibit B to counter-claim:

                              "9—6—1886.

"Received at Des Moines.

"Dated at Trenton, N. J., 6.

"*To Merchants' Union Barb-Wire Co.:*—Do you mean you will sell us the two-thousand Vaughn tonnage and one machine for two thousand dollars? If so, we will take it, provided the license can be transferred, and you can guaranty us freedom from infringement. Send answer here.

                    "John A. Roebling's Sons Co."

Exhibit C to counter-claim:

"*John A. Roebling's Sons Co., Trenton, N. J.:* You understand us correctly. The license is a complete guaranty within itself. The transfer will be all you want, as it is under all of W. M. & Co. patents.

                    "J. F. Mason."

Exhibit D to counter-claim:

                              "12—30—1886.

"Dated, Chicago, 30th.

"*Mr. J. F. Mason, Merchants' Union Barb-Wire Co.:*—Go ahead at once, and make transfer to us the license of the Vaughn tonnage and machine.

                    "John A. Roebling's Sons Co."

The defendant filed the following amendment to its counter-claim: "That on or about February 27, 1888, said defendant made a tender in writing of said license herein involved to said plaintiff, duly transferred to said plaintiff, with the consent, in writing, of the said Washburn and Moen Manufacturing Company and I. L. Ellwood thereon, and accompanied with said license, also, a tender in writing to said plaintiff of said machine (copy of said tender is hereto annexed,

marked 'Exhibit D,' and made a part hereof);· but said plaintiff, without any objection as to the sufficiency of said tender, refused to receive said license and machine, and, in pursuance of said tender, said defendant, on the return of said license, deposited the same in court herein for said plaintiff, and holds said machine subject to the order of said plaintiff, and ready at any time to be delivered to the plaintiff."

Exhibit D to said amendment:

[ Title of Case.]

"*To said Plaintiff*:—The defendant in the above-entitled action hereby tenders you the said license of Washburn & Moen Manufacturing Co., and I. L. Ellwood to the Vaughn Barb-Wire Co. involved in the counter-claim in said action, duly assigned to you by said Vaughn Barb-Wire Co., with ·the written consent of said Washburn & Moen Manufacturing Co. and I. L. Ellwood; also tenders you the machine for making barbed-wire under said license involved in said counter-claim, which said machine is subject to your orders.

"THE MERCHANTS' UNION BARB-WIRE CO.

"By its attorney, WHITING S. CLARK."

The defendant withdrew its answer to the second count, except so far as the answer pleads a counter-claim, and admitted that plaintiff is entitled to recover upon the note, unless the counter-claim is sustained. The action was commenced July 28, 1887. The answer pleading the counter-claim was filed January 25, 1888.

II. The answer sets out the contract upon which the counter-claim is based. Attention to this pleading, and the exhibits thereto, will discover a contract to this effect: Plaintiff undertook to pay defendant two thousand dollars for the license and machine named in the pleading, which were to be transferred to plaintiff at once. The answer and Exhibit D plainly express this contract. Under this contract defendant seeks to recover on its counter-claim. To sustain its right to recover, it offered in evidence the tender set out in its

1. CONTRACTS: delay in accepting proposition: evidence.

amended counter-claim, and the license therein referred to, which were shown to have been delivered to plaintiffs March 3, 1888, and upon their attorneys, February 13, 1888. A letter of plaintiffs' attorneys returning the license was also offered in evidence. All of this evidence, upon the objections of plaintiff, was rejected. There was evidence given on behalf of defendant tending to show efforts made by defendant to procure the transfer of the license, and explaining the reason for the delay in the transfer and other matters. We think the evidence was rightly rejected. The parties must rest upon their contract, which bound defendant to transfer at once the license. The parties clearly intended that the transfer should be made within a reasonable time, and that unless made plaintiff should not be bound by the contract, or rather the contract did not take effect to bind plaintiff until the transfer was made. Now, it cannot be maintained that the transfer, after suit was commenced, after defendant had made its answer to the action, and more than one year after the proposition of acceptance of the contract was made by plaintiff, would amount to an acceptance of the proposition of plaintiff. Plaintiff's proposition in its letter of December 30, 1886, is in effect that it will enter into the contract if defendant will "go ahead at once and make the transfer" of the license. The contract of the parties was before the court for interpretation, and the court, we will presume, rightly held that the transfer of the license more than a year after the proposition, and after suit was commenced, did not show that the plaintiff became bound thereby. The proposed evidence, as it did not show that the contract was so performed by the transfer of the license that plaintiff became bound thereby, was rightly rejected; and, as the evidence shows that plaintiff did not become bound by the contract by reason of the failure of the defendant to transfer the license, the district court rightly directed a verdict for plaintiff.

III. An officer of defendant was asked to state if plaintiff ever exhibited "any unwillingness to close up

2. THE same.

the contract," or "unwillingness to take the license." The evidence was objected to on the ground that it called for conclusions or opinions, and not for facts or statements tending to show absence of unwillingness. The evidence was rightly rejected. The witness was called upon to state that in his opinion no unwillingness existed, and not facts upon which conclusions could have been drawn by the court or jury. The foregoing discussion disposes of all questions in the case. In our opinion the judgment of the district court ought to be                       AFFIRMED.

### OPINION ON REHEARING.

[FILED, OCTOBER 22, 1889.]

BECK, J.—I. A petition for rehearing filed in this case urges that the foregoing opinion fails to consider and pass upon two points raised by counsel, and the case, therefore, should be reconsidered. The points are these : (1) There was a waiver of the delay in the tender and the delay to deliver the license, by reason of the failure of plaintiff to object at the time to the tender on the ground of delay; (2) the evidence rejected was excluded on the ground that it was "new matter." A brief consideration of these points is demanded.

II. It is plain that no question as to the waiver of the delay in the tender of the license arises in this court for this reason : The written tender of the license, and the license itself, were offered in evidence, to which counsel for plaintiff objected, on the ground that the "evidence is immaterial, and is an attempt to create a cause of action after suit brought, and after the cross-claim was pleaded in court, and after the rights of the parties were fixed, and because it (the tender) was not in compliance with the contract, or within a reasonable time of delivery under the contract." The court ruled upon these objections in the following language, which is set out in the record: "So far as the question as to whether or not this was an unreasonable delay would be concerned, that would be a question of fact,

which, from the circumstances, ought to be determined by the jury, I think. The objection of the plaintiff to the new matter will be sustained." The words "new matter" were used by the court to designate the tender and license offered by defendant. They were called by this name, probably for the reason that they were newly offered,—were the last documents offered in evidence. It is very certain that the court did not sustain the objection for the reason that they were held to be "new matter." The language of the decision cannot be so interpreted. The words "new matter" were simply used as a designation, and not to indicate a reason for the ruling, or the grounds upon which it was based. The objection to the evidence was on different grounds, which we have above stated. They were sustained, as we will presume, on the grounds stated in the motion. It plainly appears that the motion was not sustained on the ground that the tender was not made in time. And whether it was or was not cannot be a question in this court, for the reason that the tender and license were all rejected. Of course, it is immaterial whether the tender was or was not made in time, for the question of the sufficiency of the license and the question as to the tender do not arise, for the reason that these instruments were not in evidence. As we have shown, the court did not decide that these documents were "new matter." It is plain that the questions argued by counsel in the petition for rehearing are not in the case. It is                                   OVERRULED.